## ANDREW A. WILLIAMS *vs.* NEHEMIAH HODGE.

The provision in the Rev. Sts. c. 99, § 13, that when the sum, recovered against a defendant in an original suit, is reduced on a review, he shall have judgment for the difference, "with his costs," applies as well when the original judgment was recovered against him on a default entered through mistake of his counsel, as in other cases.

The court has no authority to withhold costs from the party prevailing in a review granted on his petition, unless terms as to costs were imposed on him at the time when his petition for a review was granted.

WRIT OF REVIEW. The facts of the case appear in the opinion of the court, delivered by

DEWEY, J. Hodge, the defendant in review, recovered judgment against Williams, the plaintiff in review, at the June term of the court of common pleas, in 1844, for the sum of $304·50, upon a default. Williams thereupon filed his petition for a review, alleging that the default had been entered through mistake of his counsel, and praying also for a supersedeas of the execution issued on the judgment. A

review and supersedeas were granted. The case was tried in this court on the writ of review, and the jury returned a verdict in favor of Hodge for $282·07; whereupon the plaintiff in review filed his motion that judgment be rendered for him for the difference in the two sums, and for his costs, and that the same be set off against the original judgment recovered by Hodge in the original suit.

The plaintiff in review, in support of his motion, relies upon Rev. Sts. *c.* 99, §§ 11, 13. Sect 11. "The party prevailing in the review shall recover his costs of that suit; but this shall not prevent the court, when granting a review upon petition, from imposing on the petitioner such terms as to costs, as they shall think reasonable." Sect. 13. "If any sum is recovered by the plaintiff in the original suit for debt or damages, and that sum is reduced on the review, the original defendant shall have judgment and execution for the difference, with his costs; or if the former judgment has not been satisfied, one judgment may be set off against the other, and an execution shall issue for the balance." This language is certainly broad enough to sustain the motion of the present plaintiff in review. Indeed, it seems open to no other construction. The only doubt we have entertained upon the question arose from the consideration that the application of such a rule as to costs would place the defendant in the original suit, who had, through some laches, permitted a default, upon a more favorable footing than if he had tried his case on the original action, as, in that case, although the plaintiff should fail in maintaining some portion of the demand embraced in his count, yet he would recover costs, and the defendant would not be entitled to costs, although he had sustained his defence as to a part of the demand. Such may be the effect. But this apparent evil may be always guarded against by the exercise of the power vested in the court by § 11, to impose on the petitioner for review, when granting his petition, "such terms as to costs as they shall think reasonable."

The defendant in review insists that the court may now

exercise this power, and withhold the allowance of costs to the plaintiff in review. We have considered this point, and are of opinion that this authority to impose terms as to costs must be exercised at the time of granting the review, and not after verdict in the action of review. The provisions of the statute requiring us to allow costs to the plaintiff in review, when the sum recovered in the original suit is reduced on the review, seem therefore to leave no discretion in the court, in a case like the present. Although this rule as to costs may sometimes operate unjustly, yet it will be perceived that it will operate usefully, as a salutary check upon parties taking judgment by default, and filing their demands *ex parte;* as they do it at the peril of paying costs upon a writ of review, if any demands thus filed are not justly due.

The plaintiff in review will have judgment for his costs in review, and such costs, with the difference between the sum now recovered and that recovered in the original action, will be deducted from the former judgment, and an execution issue for the balance in favor of the defendant in review.

*Byington,* for the plaintiff in review.
*Hodge, pro se.*